## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ADVANCED MP TECHNOLOGY, INC.,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**MASS INTEGRATED SYSTEMS, INC.** )<br><br>**Defendant.** ) | **Civil Action No.:  14-CV-13891-LTS** |

### RECEIVER'S INVENTORY, STATUS REPORT AND RECOMMENDATIONS

In accordance with the Court's Order dated January 30, 2015, the Receiver hereby submits this updated inventory and status report:

### NATURE OF THE CASE

1.      On October 17, 2014, Advanced MP Technology, Inc. ("Advanced") commenced the above-captioned case by filing a Verified Complaint to Enforce Judgment and for Appointment of a Receiver ("Complaint"). [ECF No. 9]

2.      In its Complaint, Advanced alleges that it holds a judgment against Mass Integrated Systems, Inc. ("Mass Integrated"or the "Defendant") in the amount of **$240,629.46**, plus interest in the amount of 10% per annum from April 16, 2012.  Complaint, ¶3.

3.      Advanced further alleged that "[o]n or about May 14, 2013, approximately one month prior to the trial in the California Action, Eric Primack, the principal of the Defendant, formed and established a new limited liability company known as Smarter Glass", which Advanced claims is "the alter ego of the Defendant" and "was capitalized with the assets of the Defendant and such assets where transferred to Smarter Glass, LLC for little or no consideration." Complaint ¶ ¶10,11.

4.      On December 30, 2014, the Court entered an order appointing Francis C. Morrissey, as the receiver for Mass Integrated (the "Appointment Order") [ECF No. 12].

5.      On January 26, 2015, Eastern Bank (the "Bank") filed an Emergency Motion to Intervene and For Modification of Receivership Order [ECF No. 15].

6.      In its motion, the Bank asserted that it holds a first-position security interest in Mass Integrated's assets and that it is owed **$53,664.47**, and sought relief --on an emergency basis --"to exercise its rights and remedies with respect to its Collateral."

### RECEIVER'S INITIAL INVENTORY

7.      Pursuant to paragraph 2(c) of the Appointment Order, the Receiver was "required to conduct an inventory of all tangible and intangible property of the Defendant, all cash and accounts and all receivables and liabilities, with the inventory due to the Court within 30 days of the entry of the Order."

8.      On January 29, 2015, the Receiver timely filed a preliminary inventory of Mass Integrated's assets.

### THE COURT'S RULING ON THE BANK'S EMERGENCY MOTION TO MODIFY THE RECEIVERSHIP ORDER

9.      On January 30, 2015, the Court allowed the Bank's motion to intervene, denied without prejudice the Bank's motion to modify the Appointment Order and ordered:

The Receiver and Eastern Bank shall confer regarding the disposition of Mass Integrated System's assets (both in the future and regarding what has already transpired).  By March 2, 2015, the Receiver shall complete his inventory of the Mass Integrated Systems, its assets and review of Eastern Bank's claim.  The parties shall file a joint proposal regarding any modification to the receivership order and any schedule governing this litigation or other matters, requiring the Court's review by March 2, 2015.  [ECF No. 20]

## RECEIVER'S INVENTORY

10.     Following the denial of the Bank's motion to modify the Appointment Order, the Receiver has:

- reviewed statements for the bank account that Mass Integrated maintains at the Bank which Mr. Primack represents is the only account ever used by Mass Integrated;
- reviewed Mass Integrated's tax returns for 2011,2012 and 2013;

- engaged the Paul E. Saperstein Co., Inc. ("Saperstein") to evaluate Mass Integrated's tangible assets.

- inspected Mass Integrated's remaining inventory which is stored at 5 Market Square, Amesbury, Massachusetts;[1] and

- interviewed Mr. Primack concerning the wind up of Mass Integrated's business and the liquidation of its assets.

11.  Based on its tax returns, Mass Integrated had revenues of $5,740,236, $5,217,596 and $ 2,355,353 in 2011, 2012 and 2013, respectively.  According to the Bank's and Mr. Primack's representations in this case, it also appears that on August 9, 2013 a federal tax lien in the

---

[1] Mass Integrated books and records are also apparently being stored at this location.  This is also the address Smarter Glass.

amount of $173,716.71[2] was asserted against Mass Integrated's and/or Mr. Primack's assets and that in response, on or about September 23, 2013, Mass Integrated commenced an "orderly liquidation of its assets and liabilities" as part of a workout with the Bank. Mr. Primack has further represented that the liquidation of Mass Integrated is substantially complete and that the bulk of the proceeds of that liquidation was applied to Mass Intgrated's obligations to the Bank. The Receiver, for his part, has not had an opportunity to review documents that memorialize any out-of-the ordinary sales (or other transfers) of Mass Integrated's real estate and other assets in 2013 and 2014 during the wind-up of its business or the disbursement of the proceeds of such sales.

12. Mr. Primack has also confirmed that Mass Integrated's sole remaining assets consist of: (a) $16,091.74 on deposit in Mass. Integrated's account with the Bank; (b) the inventory being stored at the Amesbury facility, and (c) civil actions being prosecuted by Mass Integrated against an account debtor and a former employer in Essex Superior Court. Mr. Primack has also represented to the Receiver that other than the civil action identified below Mass Integrated does not hold any account receivables and that Mass Integrated never maintained an account at any other financial institution.

13. On February 25, 2015, the Receiver and Saperstein inspected Mass Integrated's remaining inventory, which apparently consists of "[a]ssorted new and used LCD panels." According to Saperstein many of the LCD's are labeled "needs testing, failed and defective … [and] **we believe there is no actual dollar value to these items in any scenario.**" (emphasis supplied) A copy of Saperstein's report to the Receiver is attached as Exhibit B.

---

[2] A copy of a letter dated August 9, 2013 from the Bank to Mass Integrated which regerences this federal tax lien is attached hereto as Exhibit A.

14. According to Mr. Primack, Mass Integrated is also a party to two law suits pending in Essex Superior Court. The first law suit is captioned <u>Mass Integrated Systems, Inc. v. 9X Media, Inc., et al</u>, CV2012-01266. According to Mr. Primack in that civil action Mass Integrated seeks to enforce an $8,049 judgment against an account debtor of Mass Integrated. The second law suit is styled <u>Mass Integrated Systems, Inc. v. Patch</u>, CV 2013-02093 and asserts claims against a former employee of Mass Integrated and others. The amount at issue in that civil action is unknown. Copies of the correspondence the Receiver has obtained from Mass Integrated concerning these civil actions are attached as <u>Exhibit C</u>.

**<u>BANK'S REQUEST TO SET OFF FUNDS IN MASS INTEGRATED'S ACCOUNT</u>**

15. Shortly after the Court denied the Bank's motion to modify the Appointment Order, Smarter Glass made a payment to the Bank in the amount of $31,618.24 and paid down Mass Integrated's principal and interest obligations to the Bank to $16,237.99. This is approximately the same amount remaining in Mass Integrated's account with the Bank ($16,091.74). After receiving this payment, the Bank, for its part, increased its claim for legal fees and now asserts that it is owed $35, 637.81 in legal fees rather than the $5,854 originally reported in its motion.

16. The Bank has also requested immediate authority to set off the amounts in Mass Integrated's account against the obligations Mass Integrated owes to the Bank. Before being allowed to do so, the Bank, at minimum, should be required to file an affidavit or proof of claim averring under the pains and penalties of perjury that it holds a first-position security interest in the funds held in Mass Integrated's account and confirming that there is no dispute that the Bank is owed at least as much as the balance held in this account ($16,091.74). The Bank should also be required to file documents with its proof of claim that evidence its claim including: (a) a payment history with Mass Integrated, (b) its legal invoices, and (c) copies of lien searches that

support its position that it holds a first priority lien. This is standard practice in bankruptcy and other insolvency proceeding. The Receiver has requested that the Bank file such a proof of claim and the Bank has undertaken to do so. Until the Bank proves up its claim with appropriate evidentiary support, however, it is premature to authorize the set off against the Mass Integrated account.

17.   As detailed in the Bank's own motion, the Internal Revenue Service ("IRS") has apparently asserted a lien in the amount of $173,716.71 on Mass Integrated's and/or Mr. Primack's assets. If the IRS claims a lien on the funds in Mass Integrated's account[3], the IRS should be notified of the Bank's request to set off and the IRS should be afforded a reasonable opportunity to protect its interests

## NEXT STEPS

18. In light of the forgoing, any meaningful recovery in this case to Advanced and Mass Integrated's other creditors will depend on whether the estate holds claims against Smarter Glass and Mr. Primack. In the Receiver's business judgment, further investigation is warranted to determine whether such claims exist. Among other things, it appears that Mass Integrated while it was conducting its "orderly liquidation" made payments of at least $23,147 to Smarter Glass in 2014. In addition, Smarter Glass, like Mass Integrated, is in the LCD business and each firm is owned by the same person -- Mr. Primack. Mass Integrated's books and records and remaining inventory are also stored in the same building that Smarter Glass is located in. Finally, in press releases Smarter Glass has described itself as an "initiative of Mass Integrated."

---

[3] The estate lacks the funds at this time to pay for a tax lien search. The Bank has offered to make a tax lien search available to the Receiver with its proof of claim.

19.   Such an investigation would entail reviewing Mass Integrated's books and records, deposing Mr. Primack and Rule 30(b)(6) witnesses for Mass Integrated and Smarter Glass and propounding document requests and interrogatories on Smarter Glass and Mass Integrated.  The Receiver anticipates that this investigation can be completed within the schedule contemplated by the parties' proposed scheduling order [ECF 13] which attached hereto as Exhibit D.

Dated:  March 12, 2015

Respectfully submitted,

FRANCIS C. MORRISSEY,
RECEIVER

/s/ Francis. C. Morrissey
Francis C. Morrissey (BBO No. 567589)
Morrissey, Wilson, & Zafiropoulos, LLP
35 Braintree Hill Office Park, Suite 404
Braintree, Massachusetts  02184
Telephone:  (781) 353-5501
Facsimile:  (781) 356-5546
Email:  fcm@mwzllp.com

## CERTIFICATE OF SERVICE

I, Francis C. Morrissey, hereby certify that on March 12, 2015, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Francis C. Morrissey

EXHIBIT A



**Eastern Bank**

195 Market Street
Lynn, MA 01901-1508

VIA FACSIMILE (978-465-6191)                                    August 9, 2013
AND CERTIFIED MAIL RETURN
RECEIPT REQUESTED

Mass Integrated Systems, Inc.
18 Graf Road, Unit 1
Newburyport, MA 01950
Attn: Eric Primack, President

Dear Eric:

  As you know, a federal tax lien has been filed against you in the amount of $193,716.71. Due to the tax lien and the overadvance in the amount of $201,229.00 as of August 2, 2013, both of which are defaults under the company's lines of credit, the Bank is hereby making demand under both of the company's lines of credit. In connection with the Demand Loan and Security Agreement (All Assets) dated December 12, 2003, the obligations now total $600,000.00 on account of principal, together with interest in the amount of $2,328.67 through August 9, 2013, plus any additional interest, late charges, attorney's fees and all other sums due to the Bank.

      Very truly yours,

      *John P. Hogan*

cc: Eric Primack, Guarantor

EXHIBIT B



**Saperstein**
AUCTIONEERS & APPRAISERS

February 24, 2015

Mr. Frank Morrissey
Morrissey, Wilson & Zafiropoulos, LLP
35 Braintree Hill Office Pk. #404
Braintree, MA, 02184

Re:    Appraisal
       Mass Integrated – 5 Market Sq., Amesbury, MA

Dear Frank,

As per your request we visited the above referenced on Monday, February 23, 2015 to gather the necessary information to perform a valuation on the assets within.  My associate Ralph K. Stewart was met on site by Tom Nicholson and Eric Primack.

When going through the facility, we inventoried and looked up additional information on the items located within the premises.  Among the assets appraised are the following: Assorted new and used LCD panels.  The panels are bare panels needing to be mounted into housings, machinery, etc. There are some inverter cards mfg by Frontek.  There does not appear to be any other interface mechanism or connectors or cabling.  Panel manufacturers:  Samsung, LG, AU Optronics, Chimei, Sharp, Fujitsu, Acer, NCR, etc. Panel sizes range from 3" up to 40", with the majority being in the 3" – 9" size range. There are thirty six 20" - 40" panels.  Many are labeled need testing, failed and defective.

Based on our findings, we believe that there is no actual dollar value to these items in any scenario.

I consider all information regarding this appraisal as confidential. I will retain a copy of this document along with any original notes, and I will not allow others to have access to these records without your written permission unless ordered to do so by a court of law.

If we may be of further assistance in this or other matters, please do not hesitate to contact us at your earliest convenience.

Very Truly Yours,
Paul E. Saperstein Co., Inc.

Michael Saperstein
MES

617/227-6553 Main · 781/767-9686 Fax · www.pesco.com
144 Centre Street, Holbrook MA 02343-1011

EXHIBIT C

### FINNERAN & NICHOLSON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
30 GREEN STREET
NEWBURYPORT, MASSACHUSETTS 01950
(978) 462-1514
FACSIMILE (978) 465-2584
E-MAIL: cases@finnic.com

### ATTORNEY WORK PRODUCT/PRIVILEGED
### COMMUNICATION / CONFIDENTIAL

February 24, 2015

***Via Federal Express.***
Francis C. Morrissey, Receiver
35 Braintree Hill Office Park, Suite 404
Braintree, MA 02184

Re.     **Mass Integrated Systems, Inc. ("MIS")**

Dear Frank:

Reference is made to the above-captioned matter and the meeting I had with you, the auctioneer, and my client, Eric Primack, at the storage location for MIS yesterday, February 23, 2015. As we discussed, I have additional information which I believe falls within the spectrum of your earlier requests for information and I enclose herewith the following:

1.  A disc containing the 2013 and 2014 general ledgers for MIS;

2.  Documents provided to me by Attorney Robert Beckerman, of Newport Beach, California who has been handling a long term collection matter against an entity known as 9X Media, Inc. I have not been able to confirm this with Mr. Beckerman since our meeting yesterday, but I believe there is a balance of approximately Eight Thousand dollars ($8,000.00) due on the Judgment that was entered in the California court against this entity;

3.  Copy of the docket evidencing a lawsuit that has been pending by MIS against Jeffrey Patch, who I understand to be the former employee of MIS. I also understand that there are two (2) other parties involved in the lawsuit, one of whom I believe to be a company that assisted Mr. Patch and engaged in certain bad acts that are the subject of this lawsuit. The current status according to the docket is that it is still pending and in a relatively early stages of the action. Attorney Hal Beede has been retained by MIS to handle this matter.

Francis C. Morrissey, Receiver
February 24, 2015
Page -2-

If you need any additional assistance or information in this matter, please do not hesitate to call. I look forward to hearing from you.

Very truly yours,

Thomas G. Nicholson

TGN/adl
Enclosures

cc:    Jesse Angeley, Esq.

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
## Case Summary
## Civil Docket

## Mass Integrated Systems Inc v Patch et al

Details for Docket: ESCV2013-02093

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2013-02093 | **Caption:** | Mass Integrated Systems Inc v Patch et al |
| **Filing Date:** | 12/31/2013 | **Case Status:** | Needs review for service |
| **Status Date:** | 12/31/2013 | **Session:** | Civil-CtRm 1 (Newburyport) |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 01/27/2015 |
| **Service Date:** | 03/31/2014 | **Disposition:** | 10/22/2015 |
| **Rule 15:** | 05/30/2014 | **Rule 12/19/20:** | 05/30/2014 |
| **Final PTC:** | 04/25/2015 | **Rule 56:** | 12/26/2014 |
| **Answer Date:** | 04/30/2014 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2013-02093 | **Caption:** | Mass Integrated Systems Inc v Patch et al |
| **Filing Date:** | 12/31/2013 | **Case Status:** | Needs review for service |
| **Status Date:** | 12/31/2013 | **Session:** | Civil-CtRm 1 (Newburyport) |
| **Lead Case:** | NA | **Case Type:** | Misc contract |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 01/27/2015 |
| **Service Date:** | 03/31/2014 | **Disposition:** | 10/22/2015 |
| **Rule 15:** | 05/30/2014 | **Rule 12/19/20:** | 05/30/2014 |
| **Final PTC:** | 04/25/2015 | **Rule 56:** | 12/26/2014 |
| **Answer Date:** | 04/30/2014 | **Jury Trial:** | YES |

## Parties Involved

4 Parties Involved in Docket: ESCV2013-02093

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Patch | **First Name:** | Jeffrey |
| **Address:** | | **Address:** | |
| **City:** | Salisbury | **State:** | MA |

| **Zip Code:** | 01952 | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Sullivan | **First Name:** | Meghan |
| **Address:** | | **Address:** | |
| **City:** | Salisbury | **State:** | MA |
| **Zip Code:** | 01952 | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Summit EMS Inc | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | Logansport | **State:** | IN |
| **Zip Code:** | 46947 | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Mass Integrated Systems Inc | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | Newburyport | **State:** | MA |
| **Zip Code:** | 01950 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

5 Attorneys Involved for Docket: ESCV2013-02093

| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Ryan | **First Name:** | Michael T |
| **Address:** | 10 George Street, Suite 205 | **Address:** | |
| **City:** | Lowell | **State:** | MA |
| **Zip Code:** | 01852 | **Zip Ext:** | |
| **Telephone:** | 978-275-9977 | **Tel Ext:** | |
| **Fascimile:** | 978-275-9922 | **Representing:** | Mass Integrated Systems Inc, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |

| | | | |
|---|---|---|---|
| **Last Name:** | Humphries Jr | **First Name:** | John W |
| **Address:** | 55 Pleasant Street | **Address:** | Suite 6 |
| **City:** | Newburyport | **State:** | MA |
| **Zip Code:** | 01950 | **Zip Ext:** | |
| **Telephone:** | 978-462-9791 | **Tel Ext:** | |
| **Fascimile:** | 978-462-3389 | **Representing:** | Patch, Jeffrey (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Humphries Jr | **First Name:** | John W |
| **Address:** | 55 Pleasant Street | **Address:** | Suite 6 |
| **City:** | Newburyport | **State:** | MA |
| **Zip Code:** | 01950 | **Zip Ext:** | |
| **Telephone:** | 978-462-9791 | **Tel Ext:** | |
| **Fascimile:** | 978-462-3389 | **Representing:** | Sullivan, Meghan (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Beede | **First Name:** | Harold Owen |
| **Address:** | 24 Market Street | **Address:** | |
| **City:** | Amesbury | **State:** | MA |
| **Zip Code:** | 01913 | **Zip Ext:** | |
| **Telephone:** | 978-388-1787 | **Tel Ext:** | |
| **Fascimile:** | 978-388-9727 | **Representing:** | Mass Integrated Systems Inc, (Plaintiff) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Gladstone | **First Name:** | Scott C |
| **Address:** | 1244 Boylston Street | **Address:** | Suite 200 |
| **City:** | Chestnut Hill | **State:** | MA |
| **Zip Code:** | 02467 | **Zip Ext:** | 2128 |
| **Telephone:** | 617-730-4525 | **Tel Ext:** | |
| **Fascimile:** | 617-730-4524 | **Representing:** | Summit EMS Inc, (Defendant) |

## Calendar Events

9 Calendar Events for Docket: ESCV2013-02093

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 01/07/2014 | 14:00 | Motion/Hearing: order of notice | B | Event held as scheduled |
| 2 | 01/16/2014 | 14:00 | Motion/Hearing: order of notice | B | Event held as scheduled |

| 3 | 01/30/2014 | 14:00 | Motion/Hearing: order of notice | B | Event held as scheduled |
| 4 | 02/06/2014 | 14:00 | Motion/Hearing: order of notice | B | Event not held-req of Defendant |
| 5 | 03/13/2014 | 14:00 | Motion/Hearing: order of notice | B | Event held as scheduled |
| 6 | 04/07/2014 | 09:00 | Status: Clerk Follow UP | B | Event held as scheduled |
| 7 | 12/04/2014 | 09:00 | Status: Clerk Follow UP | B | Event held as scheduled |
| 8 | 01/06/2015 | 09:00 | Status: Clerk Follow UP | B | Event held as scheduled |
| 9 | 03/06/2015 | 09:00 | Status: Clerk Follow UP | B | |

## Full Docket Entries

29 Docket Entries for Docket: ESCV2013-02093

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 12/31/2013 | 1 | Complaint & civil action cover sheet filed |
| 12/31/2013 | | Origin 1, Type A99, Track F. |
| 12/31/2013 | 2 | Plaintiff's ex parte MOTION for temporary restraining order, |
| 12/31/2013 | 2 | preliminary injunction and permanent injunction |
| 12/31/2013 | | Summons and order of notice issued; returnable 1/7/2014 |
| 01/28/2014 | 3 | ANSWER: Jeffrey Patch(Defendant)and Meghan Sullivan |
| 01/29/2014 | 4 | Affidavit of Jeffrey Patch in opposition to plff's. motion for |
| 01/29/2014 | 4 | preliminary injunction |
| 03/17/2014 | | Preliminary injunction to issue upon payment of $90 fee ; (Richard E. |
| 03/17/2014 | | Welch III, Justice)dated 3/13/14 |
| 03/25/2014 | 5 | Preliminary injunction Deft Jeffrey Patch is ENJOINED from:pursuant |
| 03/25/2014 | 5 | to the non-compete clause, from taking employment with Market Place |
| 03/25/2014 | 5 | Investors, Inc. or any other competition until June 30, 2014 (Richard |
| 03/25/2014 | 5 | E. Welch III, Justice) |
| 09/04/2014 | 6 | SERVICE RETURNED (order of notice): Jeffrey Patch, filed 9/2/14 |
| 10/29/2014 | 7 | ASSENTED-TO MOTION To Enlarge The Discovery Period By 90 Days. Filed |
| 10/29/2014 | 7 | 10/27/2014 |
| 11/03/2014 | | Motion (P#7) ALLOWED (Maynard M. Kirpalani, Justice) Notices mailed |
| 11/03/2014 | | 11/3/2014 |
| 12/01/2014 | 8 | Plaintiff's MOTION for Enlargement of TIme to Serve Legal Process |
| 12/01/2014 | 8 | Upon Defendant Summit/EMS Corporation (Assented-to by Counsel of |
| 12/01/2014 | 8 | Record for Other Defendants). Filed 11/26/14 |
| 12/24/2014 | | Motion (P#8) ALLOWED (Maynard M. Kirpalani, Justice) Notices mailed |
| 12/24/2014 | | 12/24/2014 |
| 02/05/2015 | 9 | ANSWER: Summit EMS Inc(Defendant). Filed 2/5/2015 |
| 02/06/2015 | 10 | Affidavit of compliance with long-arm statute with proof of service |
| 02/06/2015 | 10 | on out of state defendant Summit EMS Inc. Served 1/20/2015 by |
| 02/06/2015 | 10 | certified mail, return receipt requested, upon registered agent of |
| 02/06/2015 | 10 | the out-of-state corporation. See Affidavit attached. Filed 2/5/2015 |

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert Beckerman          sb 271004<br>Law Offices of Robert Beckerman<br>901 Dove Street, Suite 120<br>Newport Beach, CA 92660<br><br>TELEPHONE NO.: 949-474-2254          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Mass Integrated Systems, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PETITIONER/PLAINTIFF: MASS INTERGRATED SYSTEMS, INC.

RESPONDENT/DEFENDANT: 9X MEDIA, INC., DANIEL DUNN

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>113CV251311 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action.
2. I served the following documents *(specify):*

   Notice of Entry of Sister-State Judgment; Judgment by Clerk (ccp 1710 - Judgment on Sister-State Judgment)

   ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).
3. I personally served the following persons at the address, date, and time stated:
   a. Name: Daniel Dunn
   b. Address: 20711 Bear Creek Rd., Los Gatos, CA 95033
   c. Date: September 11, 2013
   d. Time: 9:40 am

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).
4. I am
   a. ☐ not a registered California process server.
   b. ☑ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☐ exempt from registration under Business & Professions Code section 22350(b).
5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*

   Kenneth T. Smith          542 / Santa Clara
   3760 W McFadden Ave., #B405
   Santa Ana, CA 92704
   714-612-0746
6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: September 12, 2013

Kenneth Smith
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶          _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert Beckerman, SBN 271004<br>Law Offices of Robert Beckerman<br>901 Dove Street, Suite 120<br>Newport Beach, CA 92660 | | |

ATTORNEY FOR (Name): Mass Integrated Systems, Inc.

NAME OF COURT: Superior Court of California - Santa Clara

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Court

PLAINTIFF: Mass Integrated Systems, Inc.

DEFENDANT: 9X Media, Inc.
          Daniel Dunn

| NOTICE OF ENTRY OF JUDGMENT ON SISTER-STATE JUDGMENT | CASE NUMBER: 1 1 3 C V 2 5 1 3 1 1 |
|---|---|

1. TO JUDGMENT DEBTOR (name): 9X Media, Inc.

2. YOU ARE NOTIFIED

   a. Upon application of the judgment creditor, a judgment against you has been entered in this court as follows:

      (1) Judgment creditor (name): Mass Integrated Systems, Inc.

      (2) Amount of judgment entered in this court: $ 31,772.63

   b. This judgment was entered based upon a sister-state judgment previously entered against you as follows:

      (1) Sister state (name): Massachusetts

      (2) Sister-state court (name and location): Essex Superior Court, 56 Federal Street, Salem, MA 01970

      (3) Judgment entered in sister state on (date): December 28, 2012

      (4) Title of case and case number (specify): Mass Integrated Systems, Inc. v 9X Media, Inc. and Daniel Dunn
           Case Number 2012-1266

3.
> A sister-state judgment has been entered against you in a California court. Unless you file a motion to vacate the judgment in this court within 30 DAYS after service of this notice, this judgment will be final.
>
> This court may order that a writ of execution or other enforcement may issue. Your wages, money, and property could be taken without further warning from the court.
>
> If enforcement procedures have already been issued, the property levied on will not be distributed until 30 days after you are served with this notice.

Date:

    AUG 1 5 2013

Clerk, by _____, Deputy

T. Mai

DAVID H. YAMASAKI
Chief Executive Officer, Clerk

[SEAL]

4. ☐ NOTICE TO THE PERSON SERVED: You are served

   a. ☐ as an individual judgment debtor.

   b. ☐ under the fictitious name of (specify):

   c. ☐ on behalf of (specify):

   Under:

   ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)

   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)

   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)

   ☐ other:

   (Proof of service on reverse)

Form Approved by the
Judicial Council of California
EJ-110 [Rev. July 1, 1983]

NOTICE OF ENTRY OF JUDGMENT ON
SISTER-STATE JUDGMENT

CCP 1710.30, 1710.40
1710.45

### PROOF OF SERVICE
*(Use separate proof of service for each person served)*

1. I served the Notice of Entry of Judgment on Sister-State Judgment as follows:
   a. on judgment debtor *(name)*:

   b. by serving ☐ judgment debtor ☑ other *(name and title or relationship to person served)*:
      Daniel Dunn, Owner of 9x Media, Inc.

   c. ☑ by delivery ☐ at home ☑ at business
      (1) date: September 11, 2013
      (2) time: 9:40 am
      (3) address: 20711 Bear Creek Rd.
          Los Gatos, CA 95033

   d. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☑ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ **Other** *(specify code section)*:
      ☐ Additional page is attached.

3. The "Notice to the Person Served" was completed as follows:
   a. ☑ as an individual judgment debtor.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)       ☐ other:
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☑ CCP 416.90 (individual)

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service: $ 150.00

6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☑ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:
      Kenneth T. Smith        542 / Santa Clara
      3760 W. McFadden Ave., #B405
      Santa Ana, CA 92704
      714-612-0746

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   *(For California sheriff, marshal, or constable use only)*
   I certify that the foregoing is true and correct.

   Date: September 12, 2013

   Date:

   ▶ _____
      *(SIGNATURE)*

   ▶ _____
      *(SIGNATURE)*

   [EJ-110]

POS-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Robert Beckerman          sb 271004<br>Law Offices of Robert Beckerman<br>901 Dove Street, Suite 120<br>Newport Beach, CA 92660<br><br>TELEPHONE NO.: 949-474-2254          FAX NO. *(Optional)*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Mass Integrated Systems, Inc. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PETITIONER/PLAINTIFF: MASS INTERGRATED SYSTEMS, INC.

RESPONDENT/DEFENDANT: 9X MEDIA, INC., DANIEL DUNN

| | |
|---|---|
| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>113CV251311 |

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and not a party to this action.

2. I served the following documents *(specify):*

   Notice of Entry of Sister-State Judgment; Judgment by Clerk (cep 1710 – Judgment on Sister-State Judgment)

   ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following persons at the address, date, and time stated:
   a. Name: 9x Media, Inc., c/o Daniel Dunn - Owner
   b. Address: 20711 Bear Creek Rd., Los Gatos, CA 95033
   c. Date: September 11, 2013
   d. Time: 9:40 am

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. ☐ not a registered California process server.
   b. ☑ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☐ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*
   Kenneth T. Smith          542 / Santa Clara
   3760 W McFadden Ave., #B405
   Santa Ana, CA 92704
   714-612-0746

6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: September 12, 2013

Kenneth Smith
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶          _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | PROOF OF PERSONAL SERVICE—CIVIL | Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov |

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT
                                              DOCKET NO. 2012-1266

| | |
|---|---|
| Mass Integrated Systems, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| 9X Media, Inc. and Daniel Dunn, | ) |
| Defendants | ) |

AGREEMENT FOR JUDGMENT

The parties to the above captioned action hereby agree that the following entry may be made in this case:

Judgment for Mass Integrated Systems, Inc. against 9X Media, Inc. and Daniel Dunn in the amount of $32,706.00 with costs.

Mass Integrated Systems, Inc.
By its Attorney:

September _17_, 2012

Martin J. Arsenault, Esquire
939 Salem Street, Unit 5
Groveland, MA 01834
(978) 374-3100
BBO #553670

9X Media, Inc. and Daniel Dunn
By their Attorney:

September _1_, 2012

Peter Kerle, Esquire
Omni Law Group
1500 E. Hamilton Avenue
Campbell, CA 95008
(408) 879-8500

MASXP-20110425
mejiajos

### Commonwealth of Massachusetts
#### ESSEX SUPERIOR COURT
#### Case Summary
#### Civil Docket

12/28/2012
09:29 AM

## ESCV2012-01266
## Mass Integrated Systems Inc v 9X Media Inc et al

| | | | |
|---|---|---|---|
| File Date | 07/02/2012 | Status | Needs review for service (acneserv) |
| Status Date | 07/02/2012 | Session | B - Civil-CtRm 1 (Newburyport) |
| Origin | 1 - Complaint | Case Type | A02 - Goods sold/delivered under contract |
| Track | F - Fast track | Lead Case | |

Jury Trial   Unknown

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| Served By | | | 10/30/2012 | 10/30/2012 | 04/28/2013 | 05/28/2013 | | |
| Filed By | 09/30/2012 | 10/30/2012 | 11/29/2012 | 11/29/2012 | | 06/27/2013 | | 04/23/2014 |
| Heard By | | | 12/29/2012 | 12/29/2012 | | | 10/25/2013 | |

### PARTIES

**Plaintiff**
 Mass Integrated Systems Inc
Active 07/02/2012

Private Counsel 553670
Martin J Arsenault
Rudolph & Kroner
939 Salem Street
Unit No. 5
Groveland, MA 01834
Phone: 978-374-3100
Fax: 978-352-8019
Active 07/02/2012 Notify

**Defendant**
 9X Media Inc
Served: 07/23/2012
Served (answr pending) 08/15/2012

**Defendant**
Daniel Dunn
Served: 07/27/2012
Served (answr pending) 08/15/2012

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/02/2012 | 1.0 | Complaint & civil action cover sheet filed |
| 07/02/2012 | | Origin 1, Type A02, Track F. |
| 07/03/2012 | 2.0 | Uniform Counsel Certification filed by Plaintiff's, attorney Martin J Arsenault |
| 08/15/2012 | 3.0 | SERVICE RETURNED: 9X Media Inc(Defendant) by leaving at office of secretary of State by giving in hand filed 8/15/2012 |
| 08/15/2012 | 4.0 | SERVICE RETURNED: Daniel Dunn(Defendant) by leaving documents with Chris laidlaw, Employee at 20711 Bear Creek Road, Los Gatos, Ca 95033 |
| 12/28/2012 | 5.0 | Agreement forJudgment, The parties to the above captioned hereby |

case01 252912 y y y y y

**MARTIN J. ARSENAULT**
*Attorney at Law*

939 Salem Street, Suite #5
Groveland, MA 01834

E-mail: martin.lawyer@verizon.net

Telephone: (978) 374-3100
Fax: (978) 374-3111

September 19, 2012

Essex Superior Court, Clerk's Office
J. Michael Ruane Judicial Center
56 Federal Street
Salem, MA 01970

RE:   Mass Integrated Systems, Inc. Vs. 9X Media, Inc., et al

Dear Sir or Madam:

    Enclosed herewith for filing kindly find the Agreement for Judgment between the parties to the above-captioned matter.  Pursuant to Massachusetts Rules of Civil Procedure, 58(a), kindly cause the Judgment to be prepared and forwarded to me at your earliest possible convenience.  Thank you for your attention and cooperation

Very truly yours,

Martin J. Arsenault

MJA:mag
Enclosure
cc:   Peter Kerle, Esquire
      Susan Zappala, Controller

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT
                                              DOCKET NO.  2012-1266

Mass Integrated Systems, Inc.,                )
                                              )
                    Plaintiff,                )
                                              )
vs.                                           )
    9X Media, Inc. and Daniel Dunn,           )
                                              )
                    Defendants                )
                                              )

## SETTLEMENT AGREEMENT

Agreement is made this ____ day of September  2012 by and between Mass Integrated

Systems, Inc.  ("MIS") 9x Media, Inc. ("9X") and Daniel Dunn ("Dunn").

## I.      RECITALS

1.      MIS has alleged that its owed the remaining sum of $32,706.00 for good sold and

delivered to 9X  (the "Debt").

2.      MIS further alleges that Dunn is liable on that Debt due to representations made to MIS.

3.      The above captioned case in currently pending in the Essex County Superior Court

Department.

4.      In order to avoid additional litigation, the parties hereto wish to provide for the full and

final settlement of the above action and alleged debt.

## II. AGREEMENT

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING AND OF THE

MUTUAL PROMISES SET FORTH HEREIN AND FOR OTHER GOOD AND VALUABLE

CONSIDERATION, THE RECEIPT AND ADEQUACY OF WHICH ARE HEREBY MUTUALLY ACKNOWLEDGED, THE PARTIES DO HEREBY COVENANT AND AGREE AS FOLLOWS:

1.      The Parties agree that they shall execute and file the attached Agreement for Judgment with the Essex County Superior Court Department of the Massachusetts Trial Court, provided, however, that MIS shall not take any collection action in furtherance of the judgment as long as 9X and Dunn are in compliance with the terms of this agreement.

2.      Dunn and 9X waive any claim of lack of personal jurisdiction and any right to appeal the Judgment.

3.      Dunn and 9X waive any right to challenge the Judgment in the event MIS seeks enforcement of the Judgment in a court of competent jurisdiction in California.

4.      MIS agrees to waive its right to interest on the Judgment so entered so long as Dunn and 9X are not in default of their obligations under this agreement and do not cure said default with the time set forth herein.

5.      Dunn and 9X shall pay the sum of $1,000.00 to MIS on execution of this document.

6.      Beginning October 1, 2012 and continuing until the Debt is paid in full Dunn and 9X shall pay MIS the sum of $2,500.00 per month.   All payments shall be made at the offices of Mass Integrated Systems, Inc., Attention Susan Zappala, 18 Graf Road, Unit 1, Newburyport, MA 01950 or such other address as MIS shall provide by written notice to 9x and Dunn.

7.      In the event that Dunn and 9X shall not make payment as called or hereunder they shall be in default.  MIS shall send to Dunn and 9X a notice of default, which a copy delivered to 9X's and Dunn's counsel.  Dunn and 9x shall have five business days from receipt of said notice from

2

MIS to cure the default.  If Dunn and 9X fail to cure the default in that time period MIS shall be entitled to the principal balance then due, accrued interest on the Judgment from its date of entry at the statutory rate of twelve percent per annum (12%) and its cost of collection including reasonable attorney fees.

8.      Upon payment in full of the Debt MIS shall provide a release to Dunn and 9X in a form acceptable to the respective counsel of the parties.

### III. GENERAL PROVISIONS

5.      This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without resort to its conflicts of law rules.

6.      Each party represents and warrants that it/he has: (i) had an opportunity to consult with counsel of its/his choice concerning this transaction; (ii) understood and assented to the obligations imposed by this Agreement and all documents executed in connection herewith; and (iii) knowingly and willingly entered into this Agreement and all documents executed in connection herewith.

7.      In the event any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be held invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to the persons or circumstances other than those to which it is held invalid or unenforceable, shall be valid and enforceable to the fullest extent permitted by law.

8.      This Agreement represents the entire agreement of the parties hereto and incorporate the final results of all discussions and negotiations between the parties either express or implied, concerning the matters included herein and in such other documents, instruments and

agreements, any custom, usage or course of dealing to the contrary notwithstanding.  No such discussions, negotiations, custom, usage or course of dealings shall limit, modify or otherwise effect the provisions hereof.

9.   Any modification, amendment, or waiver of any provisions of this Agreement must be executed in writing by the party against which/whom enforcement is sought.

10.   This Agreement shall inure to the benefit of and shall be binding upon the respective heirs, personal and legal representatives, successors and assigns of the parties hereto.  No third party shall be entitled to place any reliance on any of the provisions of this Agreement which is solely by and among the signatories to this Agreement.

11.   This Agreement may be executed in several counterpart original of which when taken together shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date and year set forth below.

Mass Integrated Systems, Inc.

By: _____
        Eric L. Primack, President


_____
Martin J. Arsenault, Esquire
Attorney for Mass Integrated Systems, Inc.


9X Media, Inc.


By: _____
        Daniel Dunn, President

_____
Daniel Dunn, Indvidually


_____
Peter Kerle, Esquire
Attorney for 9X Media, Inc. and Daniel Dunn

agreements, any custom, usage or course of dealing to the contrary notwithstanding. No such discussions, negotiations, custom, usage or course of dealings shall limit, modify or otherwise effect the provisions hereof.

9.      Any modification, amendment, or waiver of any provisions of this Agreement must be executed in writing by the party against which/whom enforcement is sought.

10.      This Agreement shall inure to the benefit of and shall be binding upon the respective heirs, personal and legal representatives, successors and assigns of the parties hereto. No third party shall be entitled to place any reliance on any of the provisions of this Agreement which is solely by and among the signatories to this Agreement.

11.      This Agreement may be executed in several counterpart original of which when taken together shall constitute one and the same Agreement.

         IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date and year set forth below.

Mass Integrated Systems, Inc.

By: _____
    Eric L. Primack, President


    _____
    Martin J. Arsenault, Esquire
    Attorney for Mass Integrated Systems, Inc.


9X Media, Inc.

By: _____
    Daniel Dunn, President

4

_____
Daniel Dunn, Indvidually

_____
Peter Kerle, Esquire
Attorney for 9X Media, Inc. and Daniel Dunn

# OMNI LAW GROUP, LLP

1500 E. HAMILTON AVE., SUITE 202, CAMPBELL, CA 95008
408.879.8500 (P)   ◇   408.879.8501 (F)

Trevor J. Zink

tzink@omnillp.com

February 18, 2014

*Via Federal Express*

Robert Beckerman
Attorney at Law
901 Dove Street, Suite 120
Newport Beach, CA 92660

Re:   **Mass Integrated Systems, Inc. v. 9X Media, Inc.**

Dear Mr. Beckerman:

Enclosed please find our client's cashier's check in the sum of $5,000.

Should you have any questions, please feel free to contact our office.

Very truly yours,

**OMNI LAW GROUP, LLP**

Lori Hill, Assistant to
TREVOR J. ZINK, ESQ.

/lh
Enclosure

| | | | |
|---|---|---|---|
| 8/15/2013 | Judgment Entered | 31772.63 | 12% interest = $10.44579616438356 per day |
| Interim 188 c | Accured interest | 1963.8 | |
| 2/19/2014 | Payment | -5000 | |
| 2/19/2014 | New balance | 28736.43 | 12% interest = $9.447593424657534 per day |
| Interim 28 da | Accrued interest | 264.53 | |
| 3/19/2014 | Payment | -2500 | |
| 3/19/2014 | New balance | 26500.96 | 12% interest = $8.712644383561644 per day |
| Interim 30 da | Accrued interest | 245.17 | |
| 4/18/2014 | Payment | -2500 | |
| 4/18/2014 | New balance | 24246.13 | 12% interest = $7.971330410958904 per day |
| Interim 30 da | Accrued interest | 239.13 | |
| 5/19/2014 | Payment | -2500 | |
| 5/19/2014 | New balance | 21985.23 | 12% interest = $7.228030684931507 per day |
| Interim 4 day | Accrued interest | 28.91 | |
| 5/23/2014 | Payment | -2500 | |
| 5/23/2014 | New balance | 19514.14 | 12% Interest = $6.41560767123877 per day |
| Interim 35 | Accrued interest | 224.54 | |
| 6/27/2014 | Payment | -2500 | |
| 6/27/2014 | New balance | 17238.68 | 12% interest = $5.667511232876 per day |
| Interim 25 da | Accrued interest | 141.68 | |
| 7/22/2014 | Payment | -2500 | |
| 7/22/2014 | New balance | 14880.36 | 12% interest = $4,8921731506 per day |
| Interim 42 da | Accrued interest | 205.47 | |
| 9/2/2014 | Payment | -2500 | |
| 9/2/2014 | New balance | 12585.83 | 12% interest = $4.13780712328767 per day |
| Interim 49 da | Accrued interest | 202.75 | |
| 10/21/2014 | Payment | -2500 | |
| 10/21/2014 | New balance | 10288.58 | 12% interest = 3.382549849315068 per day |
| Interim 77 da | Accrued interest | 260.45 | |
| 1/6/2015 | Payment | -2500 | |
| 1/6/2015 | New balance | 8049.03 | |

Costs Incurred

| | | |
|---|---|---|
| 9/26/2013 | Service of Notice of Entry | 150 |
| 10/31/2013 | Abstract of Judgment Fee | 25 |
| 11/19/2013 | ORAP Fee | 60 |
| 12/12/2013 | ORAP Ct Reporter | 30 |
| 12/26/2013 | Service of ORAP | 120 |
| 1/7/2014 | Santa clara recordation fee | 43.5 |

428.5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
Robert Beckerman, SBN 271004
Law Offices of Robert Beckerman
901 Dove Street, Suite 120
Newport Beach, CA 92660
ATTORNEY FOR *(Name)*: Mass Integrated Systems, Inc.

NAME OF COURT: Superior Court of California - Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF:   Mass Integrated Systems, Inc.

DEFENDANT: 9X Media, Inc.
                Daniel Dunn

CASE NUMBER: **1 3 C V 2 5 1 3 1 1**

| NOTICE OF ENTRY OF JUDGMENT ON SISTER-STATE JUDGMENT |
|---|

1. TO JUDGMENT DEBTOR *(name)*: Daniel Dunn

2. YOU ARE NOTIFIED
   a. Upon application of the judgment creditor, a judgment against you has been entered in this court as follows:
      (1) Judgment creditor *(name)*: Mass Integrated Systems, Inc.

      (2) Amount of judgment entered in this court: $ 31,772.63

   b. This judgment was entered based upon a sister-state judgment previously entered against you as follows:

      (1) Sister state *(name)*: Massachusetts

      (2) Sister-state court *(name and location)*: Essex Superior Court, 56 Federal Street, Salem, MA 01970

      (3) Judgment entered in sister state on *(date)*: December 28, 2012

      (4) Title of case and case number *(specify)*: Mass Integrated Systems, Inc. v 9X Media, Inc. and Daniel Dunn
          Case Number 2012-1266

3. > A sister-state judgment has been entered against you in a California court. Unless you file a motion to vacate the judgment in this court within 30 DAYS after service of this notice, this judgment will be final.
   >
   > This court may order that a writ of execution or other enforcement may issue. Your wages, money, and property could be taken without further warning from the court.
   >
   > If enforcement procedures have already been issued, the property levied on will not be distributed until 30 days after you are served with this notice.

Date:  AUG 1 5 2013

Clerk, by _____ T. Mai _____, Deputy

DAVID H. YAMASAKI
Chief Executive Officer, Clerk

4. [  ] NOTICE TO THE PERSON SERVED: You are served
      a. [  ] as an individual judgment debtor.
      b. [  ] under the fictitious name of *(specify)*:

      c. [  ] on behalf of *(specify)*:

      Under:
      [  ] CCP 416.10 (corporation)           [  ] CCP 416.60 (minor)
      [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
      [  ] CCP 416.40 (association or partnership)   [  ] CCP 416.90 (individual)
      [  ] other:

      *(Proof of service on reverse)*

[SEAL]

Form Approved by the
Judicial Council of California
EJ-110 [Rev. July 1, 1983]

**NOTICE OF ENTRY OF JUDGMENT ON
SISTER-STATE JUDGMENT**

CCP 1710.30, 1710.40
1710.45

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Robert Beckerman, SBN 271004<br>Law Offices of Robert Beckerman<br>901 Dove Street, Suite 120<br>Newport Beach, CA 92660 | | |

ATTORNEY FOR *(Name)*: Mass Integrated Systems, Inc.

NAME OF COURT: Superior Court of California - Santa Clara

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Court

PLAINTIFF: Mass Integrated Systems, Inc.

DEFENDANT: 9X Media, Inc.
Daniel Dunn

| NOTICE OF ENTRY OF JUDGMENT ON SISTER-STATE JUDGMENT | CASE NUMBER: 113CV251313 |
|---|---|

1. TO JUDGMENT DEBTOR *(name)*: 9X Media, Inc.

2. YOU ARE NOTIFIED
   a. Upon application of the judgment creditor, a judgment against you has been entered in this court as follows:
   (1) Judgment creditor *(name)*: Mass Integrated Systems, Inc.

   (2) Amount of judgment entered in this court: $ 31,772.63

   b. This judgment was entered based upon a sister-state judgment previously entered against you as follows:

   (1) Sister state *(name)*: Massachusetts

   (2) Sister-state court *(name and location)*: Essex Superior Court, 56 Federal Street, Salem, MA 01970

   (3) Judgment entered in sister state on *(date)*: December 28, 2012

   (4) Title of case and case number *(specify)*: Mass Integrated Systems, Inc. v 9X Media, Inc. and Daniel Dunn
       Case Number 2012-1266

3. A sister-state judgment has been entered against you in a California court. Unless you file a motion to vacate the judgment in this court within 30 DAYS after service of this notice, this judgment will be final.

   This court may order that a writ of execution or other enforcement may issue. Your wages, money, and property could be taken without further warning from the court.

   If enforcement procedures have already been issued, the property levied on will not be distributed until 30 days after you are served with this notice.

Date: AUG 1 5 2013

Clerk, by _____, Deputy

*T. Mai*

*DAVID H. YAMASAKI*
*Chief Executive Officer, Clerk*

4. ☐ NOTICE TO THE PERSON SERVED: You are served
   a. ☐ as an individual judgment debtor.
   b. ☐ under the fictitious name of *(specify)*:

   c. ☐ on behalf of *(specify)*:

   Under:
   ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
   ☐ other:

   *(Proof of service on reverse)*

[SEAL]

Form Approved by the
Judicial Council of California
EJ-110 [Rev. July 1, 1983]

**NOTICE OF ENTRY OF JUDGMENT ON
SISTER-STATE JUDGMENT**

CCP 1710.30, 1710.40
1710.45

EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
************************************
                                   *
ADVANCED MP TECHNOLOGY, INC.  *
                                   *
            Plaintiff              *
                                   *        CIVIL ACTION NO.
VS.                                *        1:14-cv-13891-LTS
                                   *
                                   *
MASS INTEGRATED SYSTEMS, INC.,  *
            Defendant              *
                                   *
************************************
```

## PROPOSED SCHEDULING ORDER

The Plaintiff, Advanced MP Technology, Inc. (hereinafter the "Plaintiff") and Defendant,

Mass Integrated Systems, Inc. (hereinafter "Defendant"), hereby submit the following proposed

Scheduling Order.

1. **Initial Disclosures.** Initial Disclosures to be completed by February 27, 2015.

2. **Amendments to Pleadings**. Amendments to Pleadings to be completed by May 29, 2015.

3. **Fact Discovery-Interim Deadlines**.

a. Requests for Production of Documents and Interrogatories must be served by June 30,

2015.

b. Requests for Admissions must be served by June 30, 2015.

c. All Depositions, other than expert depositions, must be completed by September 30,

2015.

d. Final Fact Discovery Deadline- All discovery, other than expert discovery, must be

completed by December 31, 2015.

4.    **Status Conference**: A status conference will be held by January 30, 2016.

5.    **Expert Discovery**:

a.    Plaintiff's trial experts must be designated and disclosed by December 31, 2015.

b.    Plaintiff's trial experts must be deposed by March 30, 2016.

c.    Defendant's trial experts must be designated and disclosed by December 31, 2015.

d.    Defendant's trial experts must be deposed by March 30, 2016.

6.    **Dispositive Motions**. Dispositive Motions must be filed by May 30, 2016, with any

opposition due thirty days thereafter.

7.    **Initial Pretrial Conference**. An Initial Pretrial Conference will be held on

_____, 201__, at a.m./p..m.

PLAINTIFF
By its attorneys,

Michael H. Theodore
Michael H. Theodore, Esq., BBO#565098
COHN & DUSSI, LLC
500 West Cummings Park, Suite 2350
Woburn, MA 01801
781-494-0200
mtheodore@cohnanddussi.com


DEFENDANT
By its attorneys,

Thomas G. Nicholson
Thomas G. Nicholson, Esq., BBO#548472
FINNERAN & NICHOLSON, P.C.
30 Green Street
Newburyport, MA 01950
(978) 462-1514
cases@finnic.com

2

3